IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-00314-CR-W-HFS |
| | ) | |
| DAYONE L. EDWARDS | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM TO COUNSEL**

In this felon in possession case, at a recent sentencing I declined to use a four-point enhancement under the Guidelines for felony conduct in connection with the offense (§2K2.1(b)(6)(B)), but reduced the enhancement to two points. A drug selling offense had occurred concurrently with a firearm sale, which had been solicited by a confidential informant. The outlawed "possession" of a firearm was that associated with the sale.

Because I have previously occasionally reduced prospective sentences somewhat where the unlawful possession was simply that of a firearm associated with sales, and there was no showing of a material period of possession prior to the sale, a written rationale may be useful. Explanations in the courtroom seldom survive, and previously there has been no debate by Government counsel. In this

case counsel questioned my authority, and I had no citation, pro or con. A key explanation, suggested after court by the Probation Officer, was that the situation was considered to be outside the "heartland" of offenses. A useful discussion of departure practice, from the days when appellate review of sentencing was more rigorous, is in Judge John R. Gibson's Eleventh Circuit opinion in <u>United States v. Pressley</u>, 345 F.3d 1205 (2003).

Where there is no showing of continuing possession prior to a firearm sale, and none can be assumed without undue speculation, the danger to the public is quite different from typical possession cases. In most of those cases, potential use by the defendant is the danger, based on a generally acceptable stereotype that felons are more likely than the public in general to misuse firearms in their possession.[1]

I remain unaware of citations relating to the rationale just described. A per curiam ruling by the Seventh Circuit does, however, refer to the length of time a felon is in possession of a firearm as being pertinent to danger, and thus misconduct. <u>United States v. Smith</u>, 421 Fed.Appx. 649 ( 2011). That case assumes there will be no prosecution when a firearm is turned over to the police, even though at least a few minutes of possession must have occurred. Transferring

---

[1] I am aware of current appellate questioning of whether Second Amendment rights may be asserted by felons with convictions unrelated to potential violence. In felon seller cases, however, absent continuing possession, the public danger is generally that an unknown or irresponsible purchaser may be dangerous. Absent that factor, the danger seems less, the misconduct is thus less, and the punishment often is appropriately less.

possession to a felon's mother of firearms acquired from children to protect them, was referred to but not dealt with as a possible defense. It surely should result in a below-Guidelines sentence. See also <u>United States v. Womack</u>, 24 Fed.Appx. 429 (6th Cir. 2001) where a felon was prosecuted as a possessor because he sold several firearms. He referred to the charge as a "technical one." I agree with the characterization because the significant misconduct is that of the defendant as an irresponsible seller rather than an ephemeral possessor, unless material continuing possession prior to the sale can be reasonably inferred.[2]

        /s/ Howard F. Sachs
        **HOWARD F. SACHS**
        UNITED STATES DISTRICT JUDGE

October 16, 2017

Kansas City, Missouri

---

[2] I have generally referred to my practice as a departure rather than a variance, because I suppose the Guidelines fail to deal with this nuance because of oversight or unwillingness to engage in complex details of this sort, rather than disagreement.